# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRYAN ORNELAS,
        Appellant,

    v.

DEPARTMENT OF HOMELAND
   SECURITY,
        Agency.

DOCKET NUMBER
SF-0752-22-0206-I-1

DATE:  March 21, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony Maielli, Imperial, California, for the appellant.

Douglas M. Weisband, Esquire, and Dennis Brady, Esquire, San Diego, California, for the appellant.

Nelson Wong, Esquire, San Diego, California, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

The agency has filed a petition for review of the initial decision, which reversed the appellant's removal from Federal service and found that the appellant proved that his race and national origin were motivating factors in the removal action. For the reasons discussed below, we GRANT the agency's petition for review. We AFFIRM the administrative judge's findings that the agency proved its charge by preponderant evidence and that the appellant failed to prove his age discrimination affirmative defense. We REVERSE the administrative judge's findings that the agency failed to prove nexus and that the appellant proved that the agency was motivated by his race and national origin in proposing his removal. We FIND instead that the appellant did not prove that the removal decision was motivated by race and national origin discrimination, and we VACATE the administrative judge's but-for findings in this regard. We also FIND that the appellant failed to prove his affirmative defense of harmful procedural error. We further FIND that the penalty of removal is reasonable, and we SUSTAIN the removal action.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant, a Border Patrol Agent (BPA) with the agency's Customs and Border Protection (CBP), was removed from Federal service for one charge of failure to maintain a condition of employment after his driver's license was suspended for 1 year. Initial Appeal File (IAF), Tab 30, Initial Decision (ID) at 2. The administrative judge held a hearing. IAF, Tab 29, Hearing Recording; Hearing Transcript (HT). In the initial decision, the administrative judge found that the agency proved its charge by preponderant evidence. ID at 11-12. He found, however, that the agency failed to prove that the appellant's removal would promote the efficiency of the service, i.e., nexus, and he therefore reversed the appellant's removal. ID at 13-15. He also found that the appellant proved that his race and national origin were motivating factors in the agency's decision

to propose his removal but not a but-for cause of the agency's decision to sustain the proposed removal. ID at 16-24. The administrative judge found that the appellant failed to prove his age discrimination affirmative defense. *Id.* The agency has filed a petition for review of the initial decision, the appellant has filed a response, and the agency has filed a reply. Petition for Review (PFR) File, Tabs 1, 3-4.

Neither party has challenged the administrative judge's finding that the agency proved its charge of failure to maintain a condition of employment, and we find no basis to disturb it.

The agency proved nexus.

Pursuant to 5 U.S.C. § 7513(a), an agency may remove an employee only for such cause as will promote the efficiency of the service. To satisfy that requirement, the agency must show by preponderant evidence that there is a nexus between the misconduct and the work of the agency, i.e., that the employee's misconduct is likely to have an adverse impact on the agency's performance of its functions. *Brown v. Department of the Navy*, 229 F.3d 1356, 1358 (Fed. Cir. 2000). In finding that the agency failed to prove nexus, the administrative judge considered that, even without a valid driver's license, which was indisputably required for the appellant's position, he was able to perform most of the duties that he was performing prior to the license suspension. ID at 14-15. He also found that, considering the agency's need for BPAs, it was in the agency's interest to retain the appellant to perform limited duties rather than remove him. ID at 14-15. We disagree.

The Board has consistently found that an adverse action based on an employee's failure to maintain a requirement of his position, such as a license, promotes the efficiency of the service. *E.g.*, *Dieter v. Department of Veterans Affairs*, 2022 MSPB 32, ¶ 6 n.2 (declining to disturb the administrative judge's finding that the agency proved nexus in connection with the employee's failure to maintain a condition of employment); *Penland v. Department of the Interior*,

115 M.S.P.R. 474, ¶ 11 (2010) ("Because the appellant needed a pilot authorization in order to perform the duties of his position, we find that the agency has established both the reasonableness of its decision to remove the appellant and the requisite nexus between the appellant's loss of his authorization and the efficiency of the service."); *Adams v. Department of the Army*, 105 M.S.P.R. 50, ¶ 19 (2007) (finding that, because the appellant failed to maintain his access to the agency's computer system, which was a condition of his employment, the agency established both the reasonableness of its decision to remove the appellant and nexus), *aff'd*, 273 F. App'x 947 (Fed. Cir. 2008). The agency's initial placement of the appellant on administrative duties following the license suspension, which continued for 5 months until he was removed, did not obligate it to continue accommodating him and did not preclude the agency from taking adverse action. *See Benally v. Department of the Interior*, 71 M.S.P.R. 537, 540 (1996) (affirming a removal action for failure to maintain a condition of employment and finding that the fact that the agency initially accommodated the appellant's inability to drive for a few months did not obligate it to continue to accommodate him until his license was returned a year later). In the initial decision, the administrative judge found that the Board's decision in *Benally* created a requirement that, if an agency chooses to initially accommodate an employee who fails to maintain a condition of employment, it must show that continued accommodation would create an undue burden before proposing disciplinary action. ID at 15. We believe his reading of *Benally* is too stringent, and we do not agree that it creates such a strict test to be universally applied when an agency proposes to remove an employee for failing to maintain a valid driver's license after an initial period of accommodation. We also disagree with the administrative judge that the 1-year term of the suspension, rather than an indefinite suspension, requires a finding that the agency did not prove nexus. ID at 15. The Board has previously affirmed an appellant's removal for failure to maintain a condition of employment in connection with a 1-year driver's license

suspension. *See Benally*, 71 M.S.P.R. at 540; *Shoffner v. Department of the Interior*, 9 M.S.P.R. 265 (1981).[2] Unlike the administrative judge, we are persuaded by the agency's argument that allowing the appellant to perform limited duties after the loss of his license could lead to discontent among other agents and that the appellant could not perform the full range of his job duties without a license, including deployment during an emergency. HT at 25-26. Under these circumstances, we find that the agency has proved that its removal action promotes the efficiency of the service.

The appellant did not prove that the agency committed harmful procedural error.

Because the administrative judge reversed the agency's action based on his finding that it failed to prove nexus, he did not make a finding as to the appellant's affirmative defense of harmful procedural error. ID at 16. We consider it here. To prove harmful procedural error, the appellant must establish that the agency committed an error in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of that error. 5 C.F.R. § 1201.4(r); *see Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 685 (1991).

The appellant has asserted that the agency committed harmful procedural error in the following ways: (1) it failed to provide comparators; and (2) it failed to follow its table of penalties. HT at 253. The appellant's argument related to comparators is not clear. To the extent the appellant is arguing that the agency's

---

[2] In the initial decision, the administrative judge distinguished *Shoffner*, finding that, in that case, the appellant's job was primarily related to driving and he was unable to perform those duties after his license was revoked for 1 year. ID at 15. By contrast, he found that the appellant could perform most of his job duties without a driver's license. *Id.* Although the Board in *Shoffner*, 9 M.S.P.R. at 267-68, discussed the extensive driving that the appellant's job required, it did so in its consideration of the penalty analysis. We do not believe that *Shoffner* creates a rule requiring agencies to prove that an employee's primary job duties are affected by the employee's failure to maintain a condition of employment. In any event, consistent with *Shoffner*, we have considered the effect of the 1-year license suspension on the appellant's job duties in our discussion of the reasonableness of the penalty.

purported failure to provide comparators in response to an information request from the appellant's union representative constitutes harmful error, HT at 198-99, 253, we disagree. We have considered that the agency provided information about potential comparators before the administrative judge. IAF, Tab 25. Only one of the potential comparators was charged with the same offense as the appellant. *Id.* at 40-41. Information about this comparator was provided to the appellant's union representative before a decision on the proposed removal was issued. IAF, Tab 20 at 45-51; HT at 75. The agency's failure to provide information about other individuals, who are not comparators, does not constitute harmful procedural error. *See Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 17 (explaining that, for purposes of a disparate penalty analysis, relevant comparators must have committed the same or similar act of misconduct). We also find unpersuasive the appellant's argument that the agency committed harmful procedural error by failing to follow its table of penalties. HT at 253. The appellant has not provided evidence that the removal is outside the agency's recommended penalty range for an offense of failure to maintain a condition of employment. We therefore find that he has failed to prove his affirmative defense of harmful procedural error.

The appellant did not prove that the agency discriminated against him based on race and national origin.[3]

An appellant may prove discrimination by various methods, including by circumstantial evidence. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24. Circumstantial evidence may include evidence of suspicious timing, ambiguous statements, behavior toward other employees in a protected group, comparator evidence demonstrating that employees similarly situated to the appellant other than in the protected characteristic received

---

[3] In the initial decision, the administrative judge found that the appellant failed to prove his age discrimination affirmative defense. ID at 20. Neither party has challenged this finding on review, and we find no basis to disturb it.

systematically better treatment, evidence showing that the agency's stated reason for its action is unworthy of belief and pretext for discrimination, or other bits and pieces of evidence from which an inference of discrimination may be drawn. *Id.*, ¶ 24. In the initial decision, the administrative judge found, based on bits and pieces of circumstantial evidence, that the appellant proved that the agency was motivated by his race and national origin (Hispanic) in *proposing his removal*. ID at 18. He found, however, that the appellant failed to prove that his race and national origin were the but-for cause of the agency's *decision to sustain the removal*. *Id.* Notably, the administrative judge did not make a finding on whether the appellant proved by preponderant evidence that his race and national origin were motivating factors in the *removal decision*. We do so now.

The administrative judge noted that there was no direct evidence of discrimination, such as statements by agency officials that reflect bias based on race and/or national origin. ID at 18. The deciding official testified that he did not know the appellant's race and national origin and such characteristics did not play a role in his decision. HT at 31-32. Moreover, the administrative judge found that there was no evidence that the deciding official knew the appellant's race and national origin or that he considered these characteristics as a negative. ID at 21. The appellant does not challenge these findings.

For the purposes of our analysis, we have considered whether the deciding official was influenced by another official with an improper motive. *See, e.g.*, *Birdie C. v. Department of Agriculture*, EEOC Appeal No. 2023001609, 2024 WL 862608 at *3 (Feb. 12, 2024) ("Under a cat's paw theory, animus and responsibility for [an] adverse action can be attributed to a supervisor who was not the ultimate decision maker, if that supervisor intended the adverse action to be a consequence of her discriminatory conduct."). As the administrative judge noted, neither party called the proposing official as a witness, and the appellant did not introduce any evidence about his mental state. ID at 23. Additionally, the administrative judge noted that the parties examined the Labor

Relations/Employee Relations Specialist, who gathered records and made recommendations about discipline to the proposing official, which she said he accepted. *Id.*

However, we are not persuaded by administrative judge's determination that circumstantial evidence supports the conclusion that the appellant's race and national origin were motivating factors in the *proposed removal*. ID at 18-21. Importantly, the appellant has not provided evidence, or even alleged, that the agency treated non-Hispanic employees whose licenses were suspended for 1 year differently than him. The fact that the agency seems to lack a policy or guidance regarding how to distinguish a 1-year suspension from a longer suspension, ID at 19, without more, is not evidence of discrimination. The administrative judge's comparison of the agency's treatment of employees who were charged with or convicted of driving under the influence (DUI) is inapposite to the agency's treatment of the appellant because the appellant was not charged with DUI.[4] In any event, the deciding official testified that employees who were convicted of DUI were usually able to obtain a restricted driver's license, which enabled them to drive for work and avoid a failure to maintain a condition of employment charge. HT at 41-42. It is undisputed that the appellant did not have a restricted driver's license and was not able to drive for any purpose for 1 year. HT at 21, 41. We therefore disagree with the administrative judge that the agency's selection of the charge is suspicious under these circumstances.

We also disagree with the administrative judge that the agency's treatment of R.D. constitutes circumstantial evidence of discrimination. ID at 20-21. R.D. lost his ability to carry a firearm, which was required for his position, after a state court issued a restraining order against him. IAF, Tab 25 at 40. As the agency noted in its petition for review, both the appellant and R.D. failed to maintain a condition of employment and the agency treated them the same by proposing their

---

[4] Indeed, if the agency charged the appellant with DUI, the charge would likely not be sustained because his blood alcohol level was below the legal limit. ID at 6.

removals. PFR File, Tab 1 at 17. However, in R.D.'s case, he regained his ability to carry a firearm before the agency made a decision on the proposed removal because the state court rescinded the restraining order. *Id*. There is no evidence that the agency controlled the resolution of the restraining order or that it delayed issuing a decision on R.D.'s proposed removal to permit the court to resolve the restraining order. Further, the record reflects that the appellant and R.D. were assigned to administrative duties for a similar period of time before disciplinary action was proposed. HT at 121, 149. We therefore discern no meaningful difference in the agency's treatment of the appellant and R.D.

For these reasons, we conclude that the appellant has not proven that his race and national origin were a motivating factor in the *proposed removal*, and we reverse the administrative judge's findings in this regard. Nor has the appellant otherwise proven that the deciding official was improperly influenced by any alleged animus by other management officials. We further conclude that the appellant did not prove that his race and national origin were a motivating factor in the *removal decision*. *See, e.g.*, *Social Security Administration v. Levinson*, 2023 MSPB 20, ¶ 29 (noting that the administrative law judge concluded that the official responsible for the matter had no knowledge of the respondent's equal employment opportunity (EEO) complaint, the respondent did not give the Board any reason to find otherwise, and he did not present any other substantive argument or evidence about EEO reprisal being a motivating factor in the complaint), *aff'd*, No. 2023-2277, 2024 WL 3579909 (Fed. Cir. July 30, 2024). Because we find that the appellant did not prove that his race and national origin were motivating factors in the removal decision, we need not resolve whether he

proved "but-for" causation in this regard.[5] *Pridgen*, 2022 MSPB 31, ¶¶ 20-22. We also vacate the administrative judge's but-for findings related to these claims.

The penalty of removal is reasonable.

In an adverse action appeal taken under chapter 75, the agency must prove its charge by preponderant evidence, establish a nexus between the action and the efficiency of the service, and establish that the penalty imposed was within the tolerable bounds of reasonableness. *Hall v. Department of Defense*, 117 M.S.P.R. 687, ¶ 6 (2012). Having found that the agency proved its charge and the nexus requirement, we next consider whether the selected penalty of removal is within the tolerable limits of reasonableness.

In assessing the reasonableness of the penalty, the Board will consider a nonexhaustive list of factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981): (1) the nature and seriousness of the offense and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated; (2) the employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position; (3) the employee's past disciplinary record; (4) the employee's past work record, including length of service, performance on the job, ability to get along with fellow coworkers, and dependability; (5) the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the

---

[5] The administrative judge noted in the initial decision that the appellant also raised a claim of discrimination based on color, ID at 2, 16, but he did not make any findings in this regard. The appellant, who was represented by counsel, did not file a cross petition for review, and he does not otherwise raise this omission on review. *See, e.g.*, *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 18 (setting forth a nonexhaustive list of factors in determining whether an appellant waived or abandoned a previously identified affirmative defense, including whether the appellant raised the administrative judge's processing of the claim in his petition for review and whether he was represented on review). Therefore, we need not address this issue further.

employee's ability to perform assigned duties; (6) the consistency of the penalty with those imposed upon other employees for the same or similar offenses; (7) the consistency of the penalty with any applicable table of penalties; (8) the notoriety of the offense or its impact upon the reputation of the agency; (9) the clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question; (10) the potential for the employee's rehabilitation; (11) mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, mental impairment, harassment or bad faith, malice or provocation on the part of others involved in the matter; and (12) the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others. Not every factor is relevant in every case. *See Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 9 (2014) (finding that a deciding official does not have to consider each of the *Douglas* factors in making his penalty determination).

When all of the agency's charges are sustained, as they are here, the Board will review the agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 12 (2014). In making this determination, the Board must give weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised. *Id.* The Board will modify or mitigate an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Id.*; *see Stuhlmacher v. U.S. Postal Service*, 89 M.S.P.R. 272, ¶ 20 (2001).

In the letter sustaining the agency's proposed removal, the deciding official stated that he considered the nature and seriousness of the offense and how it related to the appellant's duties. IAF, Tab 1 at 12. He also stated that he

considered the appellant's 13 years of service, the lack of any prior disciplinary history, and his satisfactory performance record. *Id.* at 13. He concluded that the mitigating factors did not outweigh the seriousness of the offense. *Id.* He also stated that he considered reassignment to another position within CBP; however, he determined that reassignment was not in the best interest of the agency and that removal was the appropriate penalty. *Id.* At the hearing, the deciding official testified that he considered the twelve *Douglas* factors and concluded that removal was appropriate based on the seriousness of the offense and the appellant's inability to perform the full duties of his position without a driver's license. HT at 23. He also testified that he was unable to locate any positions in the agency to which the appellant could be reassigned without a driver's license and that permitting the appellant to continue to perform limited duties in the BPA position could affect employee morale. HT at 24-26.

We find that the deciding official appropriately considered the relevant *Douglas* factors and that the penalty of removal is within the tolerable limits of reasonableness. *See Penland*, 115 M.S.P.R. 474, ¶ 11 (finding that the penalty of removal was reasonable for an employee's failure to maintain a condition of employment); *Adams*, 105 M.S.P.R. 50, ¶ 19 (same). The appellant has argued that the penalty of removal is too harsh in light of testimony that the appellant likely would not have been removed from Federal service if he had been convicted of DUI. HT at 253. However, employees who were charged with DUI are not appropriate comparators for purposes of a disparate penalty analysis. *See Singh*, 2022 MSPB 15, ¶ 17.

Based on the foregoing, we find that the agency proved its charge of failure to maintain a condition of employment and a nexus between the action and the efficiency of the service, and that the selected penalty is within the tolerable limits of reasonableness. We find that the appellant failed to prove his affirmative defenses. The agency's removal action is sustained.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.